UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------- x
UNITED SPECIALTY INSURANCE          :
COMPANY,                            :
                                    :
                  Plaintiff,        :          **ORDER**
                                    :     17 Civ. 5736 (EK) (VMS)
          -against-                 :
                                    :
LIC CONTRACTING, INC., SEUNGHO KIM, :
JEEWHA KIM, 211-12 NORTHERN         :
BOULEVARD CORP., and SAI GROCERY,   :
INC.,                               :
                                    :
                  Defendants.       :
-------------------------------------------------------- x

**Vera M. Scanlon, United States Magistrate Judge:**

Before the Court are Plaintiff United Specialty Insurance Company's ("Plaintiff" or "United Specialty") and Defendants LIC Contracting, Inc., Seungho Kim and Jeewha Kim's (collectively, the "LIC Defendants") motions to seal certain documents to be filed with the briefing related to the LIC Defendants' proposed motion for summary judgment.  See ECF Nos. 123, 124, 125, 126.  Defendants 211-12 Northern Boulevard Corp. and SAI Grocery, Inc. (collectively, the "211 Defendants") oppose the motions to seal.  ECF No. 127.  For the following reasons, United Specialty's motion to seal and the LIC Defendants' motion to seal are granted in part and denied in part.

    **I.**    **Background**

Plaintiff's action is for declaratory judgment pursuant to 28 U.S.C. § 2201 against the LIC Defendants in connection with the LIC Defendants' insurance coverage claims under a Plaintiff-issued policy relating to an incident that gave rise to state court litigation (the "Underlying Action").  See ECF No. 1 at 1-2.  The LIC Defendants demanded that their nonparty primary insurance carrier defend and indemnify them in the Underlying Action.  See id.

at 2.  In the Underlying Action, summary judgment was entered against the LIC Defendants in connection with an excavation project they conducted that allegedly caused damage to a building adjacent to the excavation site.  See id.  Plaintiff alleges that it is entitled to a declaration that it has no obligation to defend or indemnify the LIC Defendants with respect to the Underlying Action under the terms of the Plaintiff-issued policy which provide for Plaintiff to defend and indemnify the LIC Defendants when the applicable limits of controlling underlying insurance have been exhausted.  See id. at 2-3.  Plaintiff's policy includes an exclusion related to injury or damage caused by subsidence, which Plaintiff alleges excludes coverage for the excavation damage in the Underlying Action.  See id. at 6-8.

  Discovery was certified as complete based on the representation of the parties in ECF No. 113.  See Order dated 3/9/2021.  United Specialty and the LIC Defendants subsequently submitted motions for pre-motion conferences for proposed summary judgment motion practice.  See ECF Nos. 115, 116.  The LIC Defendants' proposed motion practice includes equitable arguments of waiver and estoppel against Plaintiff's disclaimer of coverage, on the theory that Plaintiff allegedly "sabotaged" any chance of a reasonable settlement during mediation in the Underlying Action.  See ECF No. 116 at 2.  Plaintiff intends to oppose these equitable arguments, claiming they are "devoid of merit."  See ECF No. 117 at 2.  The requests for a pre-motion conference were granted, and a pre-motion conference was held.  See Dkt. Entry 6/17/2021; ECF No. 121.

  In connection with the LIC Defendants' proposed motion for summary judgment and Plaintiff's proposed opposition, the parties seek to file under seal (1) documents in Plaintiff's claims file generated before January 4, 2018; and (2) those portions of the deposition transcripts of Plaintiff's agents Keri Yaeger and Virginia Balogh pertaining to Plaintiff's claims-handling

2

activities with the Underlying Action prior to January 4, 2018.  See ECF No. 123 at 2; ECF No. 124 at 2; ECF No. 125 at 2; ECF No. 126 at 2.  They argue that these claims-file documents are subject to the attorney-client privilege; that this privilege was not waived although documents were shared between United Specialty and the LIC Defendants; and that prior to United Specialty's disclaimer of coverage on January 4, 2018, United Specialty and the LIC Defendants shared a common legal interest and were permitted to share files while maintaining the privilege under a joint-defense theory.  See ECF No. 123 at 2-3; ECF No. 124 at 2-3; ECF No. 125 at 2-3; ECF No. 126 at 2-3.  They also argue that the 211 Defendants should not be allowed access to these documents because the 211 Defendants are the plaintiffs in the Underlying Action whose interests are adverse to those of the LIC Defendants such that the production of these documents would be extremely prejudicial to the LIC Defendants in the Underlying Action.  See ECF No. 123 at 3; ECF No. 124 at 3; ECF No. 125 at 3; ECF No. 126 at 3.  The 211 Defendants opposed the motions to seal, arguing that United Specialty and the LIC Defendants have failed to establish that these documents are privileged or protected by the common-interest doctrine, and that the 211 Defendants should have access to the documents and be allowed to fully participate in discovery.  See ECF No. 127 at 2-3.

## II.     Legal Standards

The Second Circuit utilizes a three-step process for determining whether documents should be sealed in light of the common law right of access.  "Before any such common law right can attach . . . a court must first conclude that the documents at issue are indeed judicial documents."  Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119 (2d Cir. 2006) (internal quotations omitted).  To constitute a judicial document, "the item filed must be relevant to the performance of the judicial function and useful in the judicial process."  United States v.

Amodeo ("Amodeo I"), 44 F.3d 141, 145 (2d Cir. 1995).

Second, after determining that the documents are judicial documents and that the "common law presumption of access attaches," the court must "determine the weight of that presumption." Lugosch, 435 F.3d at 119. According to the Second Circuit, "the weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts. Generally, the information will fall somewhere on a continuum from matters that directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance." United States v. Amodeo ("Amodeo II"), 71 F.3d 1044, 1049 (2d Cir. 1995). When a document plays a role in a court's adjudication of litigants' substantive rights—a function that is "at the heart of Article III"—the presumption is strong, but "[a]s one moves along the continuum, the weight of the presumption declines." Id. When "documents are usually filed with the court and are generally available, the weight of the presumption is stronger than where filing with the court is unusual or is generally under seal." Id. at 1050.

Third, the court must balance any "competing considerations" against the weight of the presumption of access. Lugosch, 435 F.3d at 120 (internal quotations & citation omitted). "Such countervailing factors include but are not limited to 'the danger of impairing law enforcement or judicial efficiency' and 'the privacy interests of those resisting disclosure.'" Id. (quoting Amodeo II, 71 F.3d at 1050); accord Bernstein v. Bernstein Litowitz Berger & Grossmann LLP, 814 F.3d 132, 143 (2d Cir. 2016). When weighing privacy interests, courts should consider "the degree to which the subject matter is traditionally considered private rather than public." Amodeo II, 71 F.3d at 1051. Courts should also assess the "nature and degree of injury," paying heed to "the sensitivity of the information and the subject" but also to "how the

4

person seeking access intends to use the information." Id. (explaining that "[c]ommercial competitors seeking an advantage over rivals need not be indulged in the name of monitoring the courts").

The First Amendment right of access stems from the qualified right of the public and the press "to attend judicial proceedings and to access certain judicial documents." Lugosch, 435 F.3d at 120 (quoting Hartford Courant Co. v. Pellegrino, 380 F.3d 83, 91 (2d Cir. 2004)).  Once a court concludes that there is a qualified First Amendment right of access to the judicial documents at issue, it may only seal the documents "if specific, on the record findings are made demonstrating the closure is essential to preserve higher values and is narrowly tailored to serve that interest."  Id. (quoting In re N.Y. Times Co., 828 F.2d 110, 116 (2d Cir. 1987)). "Broad and general findings by the trial court . . . are not sufficient to justify closure." Id. (quoting In re N.Y. Times Co., 828 F.2d at 116).  Examples of "higher values" may include law-enforcement interests, the privacy of innocent third parties, Amodeo II, 71 F.3d at 1050, and the attorney-client privilege, Lugosch, 435 F.3d at 125.

In the pending motions, the documents that the parties seek to file wholly under seal are documents "submitted to the court as supporting material in connection with [the LIC Defendants'] motion for summary judgment." Lugosch, 435 F.3d at 123.  "[D]ocuments submitted to a court for its consideration in a summary judgment motion are—as a matter of law—judicial documents to which a strong presumption of access attaches, under both the common law and the First Amendment." Id. at 121.  The Second Circuit has instructed that the weight of the presumption of public access given to summary judgment filings "is of the highest: 'documents used by parties moving for, or opposing, summary judgment should not remain under seal absent the most compelling reasons.'" Id. at 123 (quoting Joy v. North, 692 F.2d 880,

5

893 (2d Cir. 1982)).

"It is undeniable that the public has a significant interest in preserving the confidentiality of attorney-client communications." Diversified Grp., Inc. v. Daugerdas, 217 F.R.D. 152, 160 (S.D.N.Y. 2003). "Indeed, this is precisely the kind of countervailing concern that is capable of overriding the general preference for public access to judicial records." Siedle v. Putnam Invs., 147 F.3d 7, 11 (1st Cir. 1998) (reversing a district court's decision to unseal privileged documents at the request of a newspaper); see Crystal Grower's Corp. v. Dobbins, 616 F.2d 458, 462 (10th Cir. 1980) (concluding that the public's interest in preserving the attorney-client privilege outweighs the public's more general interest in access to court documents); Dombrowski v. Bell Atl. Corp., 128 F. Supp. 2d 216, 219 (E.D. Pa. 2000) (finding that the failure to maintain privileged materials under seal would cause "a clearly defined and serious injury not only to the parties seeking closure but also to the public interest which the attorney-client privilege is designed to serve") (internal quotations & citation omitted)).

Under New York law, the common-interest doctrine allows attorney-client and other privileged communications to be shared with a third party to further a common legal interest without waiving privilege. See Ambac Assur. Corp. v. Countrywide Home Loans, Inc., 27 N.Y.3d 616, 628 (2016). Courts within the Second Circuit recognize the common-interest rule. See Kingsway Fin. Servs., Inc. v. Pricewaterhouse-Coopers LLP, No. 03 Civ. 5560 (RMB) (HBP), 2008 WL 4452134, at *7 (S.D.N.Y. Oct. 2, 2008) (collecting cases). Where a common interest is found between an insurer and an insured, but the insurer ultimately disclaims coverage, courts have applied the common-interest doctrine to protect communications shared prior to the time the insurer denied coverage to the insured. See Bovis Lend Lease, LMB, Inc. v. Seasons Contracting Corp., No. 00 Civ. 9212 (DF), 2002 WL 31729693, at *15 (S.D.N.Y. Dec.

5, 2002); see also Kingsway, 2008 WL 4452134, at *8 ("The fact that the parties are currently adverse in a related action does not alter the fact that Dore and Great American shared a common interest at the time the communications were made . . . . The fact that the parties' interests have diverged . . . does not necessarily negate the applicability of the common interest rule.") (internal citations & quotations omitted)).

Courts have also found that insurers do not have to produce their communications with the insured's defense counsel and claims-file documents to the underlying plaintiff; this is because the interests of the insured and the underlying plaintiff are adverse to each other in the underlying actions. See Tudor Ins. Co. v. McKenna Assocs., No. 01 Civ. 115 (DAB) (JCF), 2003 WL 21488058, at *3 (S.D.N.Y. June 25, 2003); U.S. Underwriters Ins. Co. v. Ziering, No. 06 Civ. 1130 (JFB) (WDW), 2008 WL 2230688, at *4 (E.D.N.Y. May 28, 2008); Tudor Ins. Co. v. Golovunin, No. 07 Civ. 4792 (KAM) (ALC), 2010 WL 11627209, at *2 (E.D.N.Y. Apr. 15, 2010).

### III. Analysis

#### a. United Specialty's Motion To Seal

As to United Specialty's request to file under seal "any documents in its claims file generated before January 4, 2018," see ECF No. 123 at 2; ECF No. 124 at 2, the date on which United Specialty denied coverage to the LIC Defendants, the Court denies this broad request. Other than three pages, United Specialty has not attached the specific documents it seeks to file under seal for the Court's review, so this Court cannot evaluate any claim of privilege. This Court previously observed that not all of the documents that are part of the claims file are privileged. See ECF No. 122, June 19, 2019 Tr. at 35:10-18. Upon review of the three pages attached to United Specialty's motion to seal, United-001353-1354, United-001410, the Court

finds that United-001353-54 are privileged and contain attorney-work product; they may be filed under seal. United-001410, however, is a document generated after January 4, 2018, and without any further elaboration as to why this document is privileged, the request to file it under seal is denied.

### b.  The LIC Defendants' Motion To Seal

#### i.  Waiver

As to the LIC Defendants' request to file under seal certain pages of the claims file that are attached to their motion to seal, the Court denies the motion with respect to United-000024-51, United-000055, United-000058-63, United-000067-72, United-000075-85, United-000090, United-000093, United-000096, United-000099-101, United-000104, United-000108, United-000112, United-000117, United-000122-123, United-000675, and United-000728-729 as these documents have already been produced to the 211 Defendants. See ECF No. 83 at 2. The LIC Defendants do not dispute that the disclosure occurred. To the extent the LIC Defendants now purport to claim privilege over such documents, any privilege has been waived.

As to the remainder of the documents attached to the LIC Defendants' motion to seal, United-000016-23, United-000052-54, United-000056-57, United-000064-66, United-000073-74, United-000086-89, United-000091-92, United-000094-95, United-000097-98, United-0000102-103, United-000105-107, United-000109-111, United-000113-116, United-000118-121, United-000308-329, United-000587-590, United-000595-601, United-000617-661, United-000663-674, United-000676-727, United-000730-755, United-000777-782, United-000804-812, and United-000820-821, the Court finds that United Specialty and the LIC Defendants shared these communications pursuant to a common legal interest in litigating and mediating the Underlying Action prior to the time that Plaintiff disclaimed coverage. See Bovis Lend Lease,

LMB, 2002 WL 31729693, at *15; see also Kingsway, 2008 WL 4452134, at *8.  As such, any applicable privilege over these documents has not been waived.

At the outset, the Court notes that United Specialty's claims file was not produced to the 211 Defendants during discovery, and despite multiple opportunities to raise the issue with the Court, the 211 Defendants never moved to compel the production of these documents.  In fact, the 211 Defendants represented to the Court in joint status letters that discovery was complete and that all outstanding issues were resolved.  See, e.g., ECF No. 80 at 1 ("At this juncture there are no discovery disputes among the parties other than the priority of depositions discussed more fully below.  The parties have completed their exchange of voluminous written discovery and documents."); ECF No. 113 at 1 ("Expert discovery has been completed in this action and any issues between the parties have been resolved."); Order dated 3/9/2021 (certifying discovery is complete); see also ECF No. 83 at 1 ("At the October 17, 2018 conference before Your Honor, counsel for the 211 Defendants, Chris Vatter, raised concerns about the sealed documents, and indicated that it would be making specific objections and demands, requesting further information as to why the documents contained under entry # 51 were privileged.  211 Defendants' request however never transpired.").  The request for these documents to now be produced to the 211 Defendants and the 211 Defendants' challenge to their privilege designation as part of discovery, are untimely and waived.

### ii.  Documents

Nonetheless, the Court reviews the documents to determine whether they are privileged so as to justify sealing from the general public.  The Court has reviewed the documents submitted by the LIC Defendants from United Specialty's claims file that have not been previously produced to the 211 Defendants and finds the majority of the previously unproduced

9

claims file documents include privileged and attorney-work product regarding the litigation and mediation of the Underlying Action. See ECF No. 126-1. The following documents may be filed under seal because they contain attorney-client communications or references thereto, communications and notes regarding litigation strategy, and attorney work product, such as confidential mediation statements and calculations relating to settlement value:

United-000016-23
United-000052-54
United-000056-57
United-000064-66
United-000086-88
United-000091-92
United-000094-95
United-000097-98
United-000102-103
United-000105-106
United-000109-111
United-000113-115
United-000118-120
United-000308-311
United-000313
United-000318-321
United-000324-329
United-000587
United-000595
United-000619
United-000621-622
United-000624
United-000629
United-000639-640
United-000642
United-000644
United-000647-648
United-000651-652
United-000657
United-000661
United-000663
United-000665-666
United-000669-670
United-000676-679
United-000681-686
United-000689-706
United-000709
United-000711-712
United-000714
United-000716
United-000718-722
United-000724
United-000730-731
United-000733
United-000739-740
United-000742
United-000744-751.

The Court denies the motion to seal with respect to the following documents for the following reasons:

| Documents | Reason for Denying Request to Seal |
|---|---|
| United-000073-74 | All privileged information is already redacted on the documents. |
| United-000089, -107, -116, -121, -314, -322-323, -588, -596, -598, -600-601, -618, -620, -623, -625, -641, -643, -649, -653, -664, -667, | Not privileged because these documents do not contain any substantive content. |

10

| | |
|---|---|
| -671, -680, -710, -715, -723, -726-727, -732, -735-738, -741 | |
| United-000312, -315-317, -645-646, -672, -674, -752-755, -777-782, -804-812, -820-821 | Not privileged because documents are cover or non-substantive transmission emails, or the attachments are already in possession of the 211 Defendants or are public court documents. |
| United-000589-590, -597, -599, -617, -626-628, -630-638, -650, -654-656, -658-660, -668, -673, -687-688, -707-708, -713, -717, -725, -734, -743 | Not privileged because documents are non-substantive emails regarding logistics or requesting status updates or copies of documents. |

### iii. Deposition Transcripts

As to the portions of the deposition transcripts attached to LIC Defendants' motion to seal, the Court finds that significant portions of these transcripts may be filed under seal. This Court previously ordered that the 211 Defendants could not be present for the portions of the deposition that relate to issues of alleged bad faith between United Specialty and the LIC Defendants. See ECF No. 122, June 19, 2019 Tr. at 50:3-51:3. The Court has reviewed these portions of the deposition transcripts and finds that most of the deposition questioning relates to privileged documents and topics such as litigation and mediation strategy, and disclosure of the contents to the 211 Defendants or the public would unfairly prejudice the LIC Defendants in the Underlying Action because that action is still ongoing. See McKenna Assocs., 2003 WL 21488058, at *3 (holding that an insurer in a coverage action did not have to disclose its communications with the insured's defense counsel to the underlying plaintiff because the interests of the insured and the underlying plaintiff were adverse to each other in the underlying tort action); U.S. Underwriters Ins. Co., 2008 WL 2230688, at *4 (in declaratory judgment action, finding that the underlying plaintiff, as adversary in the underlying action, does not have a right to discovery of privileged documents between the insurer and the insured's retained defense counsel); Golovunin, 2010 WL 11627209, at *2 (same). United Specialty and the LIC

Defendants should utilize copies of the deposition transcripts with redactions so that the following non-privileged questioning—which relates to terminology, identifying people, or the content of documents that were either already produced to the 211 Defendants or documents this Court found should not be filed under seal, supra—are in the public access. The following portions of the deposition transcripts may not be redacted: Balogh Dep. Tr. 62:6-68:4, 69:5-17, 84:3-89:3, 93:2-16, 98:19-99:22, 109:11-110:19, 124:8-24, 127:5-132:2; Yaeger Dep. Tr. 89:6-97:7, 105:7-116:10, 121:4-122:3, 122:17-124:10, 129:8-133:11, 136:23-137:23, 146:12-149:24, 157:15-158:15, 168:7-13, 168:19-24, 169:5-6, 182:23-184:23, 185:18-186:4, and 190:16-197:10.

### IV. Conclusion

In summary, the motions to seal at ECF Nos. 123, 124, 125, and 126 are granted in part and denied in part. The parties may file under seal certain of the documents and portions of the deposition transcripts as described above for purposes of the dispositive motion practice. The Court takes no position at this time as to how the documents might be used at trial should a trial be held.

Dated: Brooklyn, New York
January 6, 2022

*Vera M. Scanlon*
VERA M. SCANLON
United States Magistrate Judge